UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| S.A.S. JEAN CASSEGRAIN and LONGCHAMP USA, INC., <br><br> PLAINTIFFS, <br><br> v. <br><br> DEBCO BAG DISTRIBUTORS, LTD. <br><br> DEFENDANT. | ECF Case <br> Civil Action No. _____ <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

Plaintiffs S.A.S. JEAN CASSEGRAIN and LONGCHAMP USA, INC., by and through their attorneys, and as for their Complaint against DEBCO BAG DISTRIBUTORS, LTD., allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs seek injunctive and monetary relief for acts of trademark and trade dress infringement and unfair competition. This action arises under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. § 1051 et seq.

## PARTIES

2. Plaintiff S.A.S. Jean Cassegrain is a company existing under the laws of France, having a place of business at 12, Rue Saint-Florentin, 75001 Paris, France. S.A.S. Jean Cassegrain, French holding company, is part of a French group of companies that are well known for the manufacture, promotion and sale of handbags and accessory products which are sold under the LONGCHAMP trademark. S.A.S. Jean Cassegrain is the owner of the trademark and trade dress rights in the Style 1623

1

handbag and related bags asserted herein ("Style 1623 Bags"). S.A.S. Jean Cassegrain is also the owner of the trademark LONGCHAMP also asserted herein.

3. Plaintiff Longchamp USA, Inc. ("Longchamp USA") is a corporation existing under the laws of the state of Delaware, having an office and place of business at 4 Applegate Drive, Suite B, Robbinsville, New Jersey 08691. Longchamp USA is the exclusive distributor in the United States of the Style 1623 Bags, as set forth hereinafter.

4. On information and belief, Defendant Debco Bag Distributors, Ltd. ("Debco") is a company existing under the laws of Canada, with a business address of 111 Villarboit Crescent, Concord, Ontario L4K 4K2.

5. On information and belief, Debco is a wholesaler and provider of various promotional products and accessories, including handbags.

6. On information and belief, Debco regularly sells merchandise to customers from New York and from this district, including items alleged to infringe Plaintiffs' rights as alleged hereinafter.

## JURISDICTION AND VENUE

7. This action arises under the Lanham Act, 15 U.S.C. § 1501 et seq., including §§ 1114 and 1125, and under the laws of the State of New York.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1338(a) and (b). This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over the Defendant because it transacts business within this State and judicial district, regularly does or solicits business within this State and judicial district, derives substantial revenue from intra-

state and inter-state commerce, has committed tortious acts having injurious consequences within this State and judicial district, and because Defendant expected or should have reasonably expected its tortious acts to have injurious consequences within this State and judicial district.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

11. For twenty years, Plaintiffs and their affiliated companies have manufactured, sold and offered for sale a distinctive and unique bag identified as their Style 1623 Bag. First created in the LE PLIAGE version, Style 1623 is now available in several versions. The Style 1623 Bags are sold in high-quality retail stores throughout the world, including in the United States, as well as in Longchamp boutiques in the United States. LONGCHAMP products are also available over the Internet. Further information regarding the Style 1623 Bags, as well as other bags offered under the LONGCHAMP brand, is available at www.longchamp.com.

12. As a result of widespread sales and of advertising and promotion, the Style 1623 Bags have become distinctive and have acquired secondary meaning, indicating to the trade and purchasing public a single source of the aforesaid bags, thereby serving to distinguish said items from handbags and tote bags of competitors. The Style 1623 Bags have, in fact, become an important signature symbol and asset of Plaintiffs whereby the trade and purchasing public can identify the Style 1623 Bags as originating from Plaintiffs. A photoprint of one of Plaintiffs' Style 1623 Bags is annexed hereto as Exhibit A.

13. Plaintiffs' distinctive, original and arbitrary trade dress, which identifies Plaintiffs as the source of the Style 1623 Bags, encompasses a combination of certain non-functional elements, including the following:

- Distinctive shape/silhouette;
- Leather trim with stitching;
- Distinctive size, shape, and position of front flap;
- Distinctive leather tabs at each end of the zipper;
- Distinctive tubular handles;
- Snap positioned on the flap.

14. As a result of the foregoing, the Style 1623 Bags have acquired a distinctive, non-functional and protectable trade dress. The Style 1623 Bags will hereinafter be referred to as "Plaintiffs' Bags."

15. On or about March 7, 2006, the United States Patent and Trademark Office issued to S.A.S. Jean Cassegrain U.S. Reg. No. 3,064,959, directed to the distinctive "look" of Plaintiffs' Bags. The '959 registration remains in full force and effect, and is incontestable. A copy of this registration, according to the records maintained by the United States Patent and Trademark Office, is annexed hereto as Exhibit B.

16. On or about May 22, 2007, the United States Patent and Trademark Office issued to S.A.S. Jean Cassegrain U.S. Reg. No. 3,244,595, directed to the distinctive flap and handle "look" of Plaintiffs' Bags. The '595 registration remains in full force and effect. A copy of this registration, according to the records maintained by the United States Patent and Trademark Office, is annexed hereto as Exhibit C.

4

17. Defendant, upon information and belief, is in the business of providing promotional and marketing products to businesses and distributors. Such products include, among other things, umbrellas, drinkware, business and desk accessories, and, most relevant, handbags and tote bags.

18. Upon information and belief, Defendant, knowing of the valuable goodwill and extensive recognition that Plaintiffs had already established in the marketplace for the Plaintiffs' Bags, and intending to trade upon that goodwill and recognition, is deliberately selling bags which are confusingly similar to the Plaintiffs' Bags identified with Plaintiffs. Images of Defendant's infringing items are annexed hereto as Exhibit D.

19. Defendant's bags contain virtually all of the distinctive features found in Plaintiffs' trade dress set forth in Paragraph 13 hereof including, but not limited to, the overall trapezoidal shape, tubular handles and flap features.

20. In Spring 2014, Plaintiffs discovered infringing bags that Defendant had sold to a business named Creative Solutions, which supplied the knockoff bags to People Magazine, which distributed the bags at a White House-sponsored cocktail reception in Washington, DC in May 2014 as the "People/Time White House Correspondents' Weekend Gift Bag". See Exhibit E.  On June 3, 2014 Plaintiffs' counsel sent a notice letter to Creative Solutions, which Creative Solutions passed on to Defendant.

21. Soon thereafter, Plaintiffs' counsel received a letter from Debco's counsel. The letter confirmed that Debco had supplied the accused bags to Creative Solutions. Also, the letter alleged that Debco "no longer sells or distributes these handbags."

22. Also in Spring 2014, Plaintiffs discovered infringing bags that Defendant had specially made for a health club named Champions Health & Racket Club. These bags are shown in Exhibit D. Plaintiffs learned that Champions Health & Racket Club obtained the infringing bags from Advertising Specialty Institute (ASI). Plaintiff's counsel sent a notice letter to ASI, who advised that the infringing bags were supplied by Defendant and represented that they had sent a letter to Defendant notifying them of the infringement.

23. On November 20, 2014 Plaintiffs' counsel again put Defendant "on notice" of its infringing products. Defendant's counsel responded with a one sentence letter, which alleged that Defendant "long ago" had stopped selling the accused handbags in the United States.

24. Despite further correspondence from Plaintiffs' counsel and efforts to resolve these matters amicably, Defendant's counsel has not responded. Therefore, Plaintiffs have been unable to resolve these matters with Defendant, and there is presently no dialogue between Plaintiffs and Defendant.

25. Upon information and belief, Defendant continues to sell infringing items.

### COUNT I
### [INFRINGEMENT OF REGISTERED TRADEMARKS]

26. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 25 as it fully set forth herein.

27. Defendant, in manufacturing, causing to be manufactured, importing, selling, and offering for sale its line of handbags which copy the design of Plaintiffs' Bags, is likely to cause confusion, mistake, or deception in commerce among members of the public.

28. Defendant has improperly sold products in the form of handbags which are the subjects of Plaintiffs' federal trademark registrations.

29. Defendant's acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114, and constitute trademark infringement.

30. By reason of the acts of Defendant as alleged herein, Plaintiffs have, and will, suffer irreparable damage to their reputation and a loss of sales and profits which Plaintiffs would have made but for said acts of Defendant.

31. Defendant has been unjustly enriched by its sale of infringing handbags, and Plaintiffs are entitled to an accounting of Defendant's profits therefrom.

32. Defendant's foregoing activities have damaged Plaintiffs in an amount as yet unknown, but the damage to Plaintiffs and the reputation of Plaintiffs' Bags, if continued, is believed to be in excess of $1,000,000.

## COUNT II
## [FALSE DESIGNATION OF ORIGIN]

33. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 32 as if fully set forth herein.

34. Defendant, in manufacturing, causing to be manufactured, importing, selling, and offering for sale its line of handbags which copy the design of Plaintiffs' Bags, is likely to cause confusion, mistake or deception in the trade and with the purchasing public as to the source or origin or sponsorship of said imitative items and/or is likely to cause the trade and/or the purchasing public to incorrectly believe that Defendant's infringing handbag line originates with, is endorsed by, or is otherwise associated with Plaintiffs.

35. Such confusion likely to be caused by Defendant includes, but is not limited to, confusion engendered before sale of the items (initial interest confusion) in which purchasers and potential purchasers will be drawn to the items in question because of their knowledge of Plaintiffs' Bags, and confusion engendered after the sale of the items in question (e.g., post-sale confusion), in which purchasers and prospective purchasers will see Defendant's infringing bags being carried and mistakenly believe that these bags are associated with or sponsored by Plaintiffs.

36. The aforesaid activities of the Defendant in selling the infringing line of handbags in commerce constitutes false descriptions, false representations, and false designations of origin or sponsorship, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. By reason of the acts of Defendant as alleged herein, Plaintiffs have, and will, suffer irreparable damage to their reputation and a loss of sales and profits which Plaintiffs would have made but for said acts of Defendant.

38. Defendant has been unjustly enriched by its sale of infringing handbags, and Plaintiffs are entitled to an accounting of Defendant's profits therefrom.

39. Defendant's foregoing activities have damaged Plaintiffs in an amount as yet unknown, but the damage to Plaintiffs and the reputation of Plaintiffs' Bags, if continued, is believed to be in excess of $1,000,000.

## COUNT III
## [COMMON LAW UNFAIR COMPETITION]

40. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 39 as if fully set forth herein.

41. Defendant has engaged in a course of unfair competition by manufacturing, causing to be manufactured, importing, marketing, advertising, selling, and offering for sale infringing imitative bags, substantially similar in appearance to that of Plaintiffs, and in misappropriating the unique design and trade dress of Plaintiffs' Bags.

42. Upon information and belief, Defendant's acts alleged herein are specifically oriented predatory business practices made in bad faith, the dominant purpose and effect of which is to pass off and palm off its imitative bags as originating with Plaintiffs, and to confuse buyers as to the source or origin of such goods, or to otherwise trade on or misappropriate the goodwill and reputation of Plaintiffs, in violation of the common law of New York.

43. By reason of the acts of Defendant as alleged herein, Plaintiffs have, and will, suffer irreparable damage to their reputation and a loss of sales and profits which Plaintiffs would have made but for said acts of Defendant.

44. Defendant has been unjustly enriched by its sale of infringing handbags, and Plaintiffs are entitled to an accounting of Defendant's profits therefrom.

45. Defendant's foregoing activities have damaged Plaintiffs in an amount as yet unknown, but the damage to Plaintiffs and the reputation of Plaintiffs' Bags, if continued, is believed to be in excess of $1,000,000.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

A. Preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees, attorneys and those persons, firms, or corporations acting in concert and participation with it from manufacturing, marketing,

advertising, promoting, offering for sale, selling, purchasing, distributing, or in any other way becoming involved with items bearing the federally registered trademarks (shown in Exhibit B and C) and trade dress of Plaintiffs, or any other colorable imitation of Plaintiffs' trademarks and trade dress, including, but not limited to, Defendant's bags (shown in Exhibit D);

B. A finding that Defendant has infringed Plaintiffs' federally registered trademarks and their trade dress, and that Defendant has committed acts of unfair competition;

C. An accounting by Defendant to Plaintiffs of any profit gained from the sale of their goods bearing Plaintiffs' federally registered trademarks and their trade dress, or any other colorable imitation of Plaintiffs' trade dress;

D. Damages to Plaintiffs, including damages for injury to Plaintiffs' business reputation and goodwill, and all other damages arising out of Defendant's acts of unfair competition, in an amount to be determined, but if Defendant's activities are continued without abatement, in an amount of at least $1,000,000;

E. An award of three times the amount of Plaintiffs' damages or Defendant's profits, whichever is greater;

F. An award of Plaintiffs' attorney fees and costs;

G. Destruction of all remaining, unsold products of Defendant bearing the infringing trademarks, as well as of all materials and means of production of such infringing bags; and

Case 1:15-cv-01286-CM   Document 1   Filed 02/23/15   Page 11 of 11

H. Awarding such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs demand a jury trial on all issues so triable by a jury.

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
270 Madison Avenue, 8th Floor
New York, NY 10016
(212) 684-3900
ggottlieb@grr.com
mmisthal@grr.com
apeikes@grr.com

By _Marc P. Misthal_
George Gottlieb (GG-5761)
Marc P. Misthal (MM-6636)
Ariel S. Peikes (AP-9157)

Dated: February 23, 2015
New York, New York

11